UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMGUARD INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PROPERTY MANAGEMENT SERVICES OF BURLINGTON COUNTY LLC,<br><br>Defendant. | Civil Action No.:<br><br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT** |

Plaintiff AMGUARD INSURANCE COMPANY ("AmGUARD") by and through its attorneys, Finazzo Cossolini O'Leary Meola & Hager, LLC, complaining of the defendant, PROPERTY MANAGEMENT SERVICES OF BURLINGTON COUNTY LLC ("PMSBC"), respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action pursuant to the Declaratory Judgment Act, codified as 28 U.S.C. § 2201, and the New Jersey Declaratory Judgment Act, N.J.S.A. § 2A:16-50, *et seq.*, seeking a judicial declaration that the damages allegedly suffered by Craig Cannavin in the lawsuit pending before the Superior Court of New Jersey, Law Division, Ocean County Docket No. OCN-L-002173-24, captioned as *Craig Cannavin v. Sanaa Boudhar, et al.*, (the "Underlying Action") are not covered by the AmGUARD Policy issued to PMSBC because they were not the result of a "bodily injury" caused by an "occurrence" at the "insured premises" as defined by the Policy, and a declaration that AmGUARD, therefore, has no obligation to provide defense or indemnity coverage under the Policy for the damages allegedly suffered by Cannavin in connection with the Underlying Action.

1

## THE PARTIES

2. AmGUARD is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business located at 39 Public Square, Wilkes-Barre, Pennsylvania 18703. Accordingly, for the purposes of diversity jurisdiction, AmGUARD is a citizen of the State of Nebraska and the Commonwealth of Pennsylvania.

3. PMSBC is a New Jersey limited liability company. Upon information and belief, Linda M. Gregorowicz ("Ms. Gregorowicz") is the sole member of PMSBC.

4. Upon information and belief, Ms. Gregorowicz is a resident of the State of New Jersey, whose true, fixed, and permanent home and place of habitation is located at 519 Jacksonville Road, Mount Holly, New Jersey 08060.

5. Accordingly, for the purposes of diversity jurisdiction, Ms. Gregorowicz is a citizen of the State of New Jersey and therefore PMSBC is a citizen of the State of New Jersey.

## JURISDICTION AND VENUE

6. Jurisdiction is proper based on diversity of citizenship pursuant to 28 U.S.C. § 1332 as AmGUARD and PMSBC are citizens of different states and, upon information and belief, the amount in controversy is greater than $75,000, exclusive of interest and costs as the Statement of Damages attached to the Complaint in the Underlying Action seeks $3 million dollars.

7. Venue is proper pursuant to 28 U.S.C. § 1391 as PMSBC is a citizen and resident of New Jersey, the loss at issue and insurance claim at issue occurred within New Jersey, and the property at issue is within New Jersey.

## FACTUAL BACKGROUND

8. AmGUARD issued a Business Owner's Policy to PMSBC, bearing policy number PRBP585745. The effective dates of the Policy are March 23, 2024 to March 23, 2025. A true and

correct copy of the Policy is attached as Exhibit A.

9. The Policy contains various terms, conditions, exclusions, deductibles, limits and sublimits. *See* Exhibit A.

10. The Policy provides coverage for the premises leased to PMSBC located at 22 Washington St. P.O. Box 565 Mount Holly, New Jersey 08060-1704.

11. The Policy provides, in pertinent part:

**SECTION II – LIABILITY**

    **A. Coverages Business Liability**

        **1. Business Liability**

            a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result.

***

    **B. Exclusions**

        **1. Applicable To Business Liability Coverage**

        This insurance does not apply to:

***

        **b. Contractual Liability**

            "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

                **(1)** That the insured would have in the absence of the contract or agreement; or

    **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

***

12.    Endorsement B0 94 12 04 17 titled Limitation of Coverage to Designated Premises, Project Operation amends the Policy as follows:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION**

**Section II – Liability** is amended as follows:

**A.** Paragraph **A.1.b.(1)** is replaced by the following:

    **(1)** To "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

    **(a)** the "bodily injury" or "property damage":

        **(i)** Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

        **(ii)** Arises out of the project or operation shown in the schedule.

***

**<u>THE UNDERLYING ACTION</u>**

13.    On August 22, 2024, Craig Cannavin ("Cannavin") filed the Underlying Action against PMSBC and others. A true and correct copy of the Complaint in the Underlying Action is attached as Exhibit B.

14.    In the Complaint in the Underlying Action, Cannavin asserts that he suffered injuries and sustained damages on May 25, 2024, because of the allegedly unsafe conditions of real property located at 6B Alpine Road, Whiting, New Jersey 08759 (defined as "the premises" in Paragraph 9 of the Complaint) that he rented as his residence.

15.    Although the Complaint contains allegations of negligence and similar misconduct

4

against multiple defendants, the gravamen of Cannavin's claim against PMSBC can be found in Paragraph 12 of his Complaint, which states in pertinent part that he was "caused to fall and sustain serious injuries due to the negligence of the [the property owner and PMSBC], who created and/or allowed a dangerous condition to exist on the premises consisting of a broken, deformed, deteriorated, and/or structurally defective driveway that presented a tripping hazard to the plaintiff."

16. AmGUARD is currently providing a defense to PMSBC in the Underlying Action subject to all terms, exclusions, and provisions of the Policy.

17. The Policy does not cover liability for "bodily injury" caused or suffered by a person who was not located on PMSBC's "insured premises."

## COUNT I
### (Declaratory Judgment)

18. AmGUARD repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim, and fully at length.

19. An actual controversy exists between AmGUARD and PMSBC relating to their respective legal rights and obligations under the Policy regarding Cannavin's bodily injuries and the defense of the Underlying Action under the Policy.

20. The Policy provides coverage for damages suffered by third parties because of "bodily injury" caused by an "occurrence" only on properties listed as an "insured premises."

21. As alleged in the Complaint in the Underlying Action, Cannavin's "bodily injuries" did not occur on PMSBC's "insured premises" (22 Washington St. P.O. Box 565 Mount Holly, New Jersey 08060-1704) but instead occurred at 6B Alpine Road, Whiting, New Jersey 08759-3232, and are therefore not covered under the Policy.

**WHEREFORE**, Plaintiff AmGUARD Insurance Company demands judgment pursuant

to 28 U.S.C. § 2201 and/or N.J.S.A. 2A:16-51, *et seq.* as follows:

(a) A declaration that the damages allegedly suffered by Cannavin in the Underlying Action are not covered by the Policy because they were not the result of a "bodily injury" that occurred on the insured premises as defined by the Policy;

(b) A declaration that Plaintiff has no obligation to provide defense or indemnity coverage under the Policy for the damages allegedly suffered by Cannavin in the Underlying Action;

(c) Awarding Plaintiff whatever legal and equitable relief as it may be entitled, including costs and attorney's fees; and

(d) Such other and further relief as this Court deems just and proper

Dated: October 20, 2025

FINAZZO COSSOLINI O'LEARY
MEOLA & HAGER, LLC

By: */s/ Jeremiah L. O'Leary*
JEREMIAH L. O'LEARY, ESQ.
ROBERT J. PANSULLA, ESQ.
180 Park Avenue, Suite 202
Florham Park, New Jersey 07932
(973) 343-4960
jeremiah.oleary@finazzolaw.com
robert.pansulla@finazzolaw.com
*Attorneys for Plaintiff AmGUARD Insurance Company*

## **JURY DEMAND**

Plaintiff AmGUARD Insurance Company demands a trial by jury on all issues so triable.

Dated: October 20, 2025

**FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

By: */s/ Jeremiah L. O'Leary*
JEREMIAH L. O'LEARY, ESQ.
ROBERT J. PANSULLA, ESQ.
180 Park Avenue, Suite 202
Florham Park, New Jersey 07932
(973) 343-4960
jeremiah.oleary@finazzolaw.com
robert.pansulla@finazzolaw.com
*Attorneys for Plaintiff AmGUARD Insurance Company*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

1.  Pursuant to Local Civil Rule 11.2, the undersigned counsel states that the matter in controversy is the subject of the following other action, pending in the Superior Court of New Jersey, Law Division, Ocean County, captioned as *Craig Cannavin v. Sanaa Boudhar, et al.*, Docket No. OCN-L-002173-24.

2.  In addition, the undersigned recognizes the continuing obligations of each party to file and serve on all parties and the Court, if there is a change in the facts stated in this original certification.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 20, 2025

        **FINAZZO COSSOLINI O'LEARY**
        **MEOLA & HAGER, LLC**

By: */s/ Jeremiah L. O'Leary*
    JEREMIAH L. O'LEARY, ESQ.
    ROBERT J. PANSULLA, ESQ.
    180 Park Avenue, Suite 202
    Florham Park, New Jersey 07932
    (973) 343-4960
    jeremiah.oleary@finazzolaw.com
    robert.pansulla@finazzolaw.com
    *Attorneys for Plaintiff AmGUARD Insurance Company*