[Docket No. 8]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

AMGUARD INSURANCE COMPANY,

Plaintiff,

v.

PROPERTY MANAGEMENT SERVICES OF BURLINGTON COUNTY LLC,

Defendant.

No. 25-CV-16749 (RMB) (EAH)

**OPINION**

**APPEARANCES**

Robert John Pansulla
Jeremiah L. O'Leary
Finazzo, Cossolini, O'Leary, Meola & Hager, LLC
180 Park Avenue, Suite 202
Florham Park, New Jersey 07932

*Attorneys for Plaintiff AmGUARD Ins. Co.*

**RENÉE MARIE BUMB, Chief United States District Judge:**

Insurance is only as good as its terms. If an insured fails to add a new property to their coverage, the policy's terms may not protect them. That appears to be what happened here. Defendant Property Management Services of Burlington County ("Defendant," "PMSBC," or the "insured") failed to ensure its insurance covered all the real estate it owns and leases to third parties. And now—facing a premises liability claim in another court—PMSBC's insurer disputes coverage.

This matter is before the Court on the Motion for Default Judgment filed by AmGUARD Insurance Company ("Plaintiff" or the "insurer") pursuant to FED. R. CIV. P. 55(b)(2). [Docket No. 8.] AmGUARD seeks a declaratory judgment relieving it of any obligation to indemnify or defend PMSBC in the underlying personal injury action. For the reasons expressed below, AmGUARD's motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

PMSBC rents and maintains residential real estate. At some point, PMSBC began renting 6B Alpine Road, Whiting, New Jersey 08759-3232 to Craig Cannavin, who tripped and fell in the driveway in May 2024. [Docket No. 1-2 ¶¶ 9, 12.] Cannavin sued PMSBC in Ocean County, New Jersey, Superior Court to recover for his injuries. [*See generally* Docket No. 1-2 (hereinafter, the "personal injury action").][1]

AmGUARD issued PMSBC a "Business Owner's Insurance Policy" effective March 23, 2024, through March 23, 2025 (the "Policy"). [*See generally* Docket No. 1-1.] Coverage often turns on the location where an injury occurred instead of the acts or omissions of PMSBC's employees and agents. [*See, e.g.*, *id.* at 97 (limiting coverage to covered premises).] But the Policy covers ***only*** one location—22 Washington Street,

[1] Cannavin passed away, and his interests in the personal injury action are represented by the Administratrix of his Estate. *See generally Janet Cannavin, as Administrator of the Estate of Craig Cannavin v. Boudhar*, No. OCN-L-002173-24 (N.J. Super. Ct. Ocean Cnty., *Compl. filed* Aug. 22, 2024). Because this distinction is immaterial to the issues AmGUARD raises in this Court, and for the sake of simplicity, the Court refers to Cannavin and his claims throughout this opinion—not to his estate and its claims as a successor in interest.

Mount Holly, New Jersey 08060-1704 (the "covered premises")—notably, not the Alpine Road property. [*Id.* at 20.]

Despite its plain terms, upon receipt of Cannavin's lawsuit, PMSBC filed a claim with AmGUARD for indemnification and defense in the personal injury action. [Docket No. 8-2 at 2–3.] AmGUARD provided PMSBC with legal counsel and supported its defense while it investigated PMSBC's claim. [*Id.*] When AmGUARD's investigation revealed the Policy only covers Washington Street, and not the Alpine Road property, AmGUARD initiated this action to halt coverage.

AmGUARD seeks a declaratory judgment that (1) Cannavin's purported damages in the personal injury action are not covered by the Policy and (2) AmGUARD has no duty to keep paying for PMSBC's defense. [Docket No. 1 ¶ 1.] AmGUARD personally served PMSBC's registered agent Linda Gregorowicz on October 22, 2025, but PMSBC has not appeared in this action either personally or through counsel. [Docket No. 6.] On December 9, 2025, AmGUARD requested that the Clerk enter default against PMSBC, which the Clerk did that same day, [Docket No. 7], and this motion for default judgment followed, [Docket No. 8].

## II. LEGAL STANDARD

### A. Declaratory Judgments

The Declaratory Judgment Act (the "DJA") allows district courts to resolve disputes by declaring the rights and relations of parties. *Great Lakes Ins. SE v. Ross*, 652 F. Supp. 3d 472, 478 (D.N.J. 2023) (quoting 28 U.S.C. § 2201(a)) ("In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare

the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."). A common example, and the one before the Court today, asks the Court to interpret an insurance policy—*i.e.*, "declare" an insurer's duties to its insured. *See, e.g.*, *Certain Underwriters at Lloyd's, London v. Good Night Nursing Agency, LLC*, 2022 WL 1137302, at *7 (D.N.J. Apr. 18, 2022); *State Farm Indemnity Co. v. Van Pelt*, 2025 WL 2918675, at *8 (D.N.J. Oct. 14, 2025). By declaring an insurer does or does not owe any duties to its insured, the Court resolves the dispute between the parties about coverage even though "no further relief is [] sought." § 2201(a).

A plaintiff must nevertheless allege Article III standing. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ("The phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III."). It is not enough to pose a hypothetical to the Court; a plaintiff—often the insurer—must allege a concrete injury ***it presently experiences*** or ***has suffered in the past*** arising out of the terms of the parties' relationship. *Id.* (a declaratory judgment must embody "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."). When a plaintiff identifies such a harm, the DJA "place[s] a remedial arrow in the district court's quiver" to declare the rights of the parties to resolve the dispute, *Great Lakes Ins.*, 652 F. Supp. 3d at 478–79 (quoting *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139 (3d Cir. 2014))—*e.g.*, declaring the insurer has no duty to defend the

insured in a lawsuit or that a "loss" occurred in a manner excluded by the policy, *Certain Underwriters*, 2022 WL 1137302, at *7; *State Farm*, 2025 WL 2918675, at *8; *Zurich*, 644 F. Supp. 3d at 141.

But DJA relief is discretionary. Courts may choose to save their arrow for another day. *Id.* ("[The DJA] confers a unique and substantial ***discretion*** on federal courts to determine whether to declare litigants' rights.") (emphasis added). A multi-layer, multi-part test guides whether the Court ought to exercise its discretion. *Reifer*, 751 F.3d at 144, 146; *see* discussion *infra* Section III.B.2.

**B. Default Judgments**

Courts may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action—including in DJA actions where, as here, the declaration sought concerns the parties' rights under an insurance policy. FED. R. CIV. P. 55(b)(2); *see, e.g.*, *Great Lakes*, 652 F. Supp. 3d at 481; *Certain Underwriters*, 2022 WL 1137302, at *7; *State Farm*, 2025 WL 2918675, at *8. Although the Third Circuit prefers "that cases be disposed of on the merits whenever practicable," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984), the Circuit will uphold default judgments where litigants failed to appear and engage with the litigation, *see, e.g.*, *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (upholding default judgment on appeal that declared rights under insurance policy). In assessing a motion for default judgment, courts accept all well-pled factual allegations as true—other than those regarding damages—but need not accept a

plaintiff's legal conclusions. *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

Once the Clerk enters a default, FED. R. CIV. P. 55(a), and a party moves for default judgment, the Court must: (1) confirm it has both subject-matter and personal jurisdiction; (2) determine the plaintiff properly served the defendant; (3) confirm the operative Complaint adequately pleads a cause of action; and (4) ascertain the remedy requested, including calculating damages where applicable, *Certain Underwriters*, 2022 WL 1137302, at *2. And in the Third Circuit, district courts must consider three additional factors before granting a default judgment: "(1) [P]rejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *State Farm*, 2025 WL 2918675, at *7 (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

## III. DISCUSSION

Default judgment in AmGUARD's favor is appropriate. The Court possesses subject-matter and personal jurisdiction to enter a judgment, and AmGUARD properly served PMSBC. AmGUARD's complaint raises a legitimate right to relief under the DJA, and the Third Circuit's analysis supports exercising the discretion to hear it. The *Chamberlain* factors further counsel granting default judgment because without it, AmGUARD will continue paying for PMSBC's defense in the personal injury action when it is under no duty to do so. And AmGUARD's requested declaratory relief is available by default—posing no bar to a default judgment.

### A. The Court possesses both subject-matter and personal jurisdiction over the parties.

District courts possess "diversity jurisdiction" in civil actions between litigants who are citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires "complete diversity, meaning that all plaintiffs in an action must be diverse from all defendants." *Great Lakes*, 652 F. Supp. 3d at 477 (quoting *Wyndham Hotel Grp. Canada, ULC v. Ostrander*, 2022 WL 16552817, at *2 (D.N.J. Oct. 31, 2022)) (internal quotation marks omitted). A corporation is a citizen of "the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). On the other hand, an LLC adopts the citizenship of its members (owners). *Id.* at 420. When an insurer requests declaratory relief, the amount in controversy is measured by the value of the insurance obligations placed in dispute. *Markel Ins. Co. v. Connolly, Connolly & Heun, LLP*, 2017 WL 4618750, at *2 (D.N.J. Oct. 16, 2017) (citing *Coregis Ins. Co. v. Schuster*, 127 F. Supp. 2d 683, 686 (E.D. Pa. 2001)).

The Court has diversity jurisdiction over AmGUARD's claims. The parties are citizens of different states: AmGUARD is a citizen of Nebraska (where it is incorporated) and Pennsylvania (where it maintains its principal place of business), [Docket No. 1 ¶ 2], while PMSBC adopts its lone member's citizenship in New Jersey, *Zambelli*, 592 F.3d at 420. The amount in controversy exceeds $75,000 because Cannavin seeks $3 million in damages in the underlying personal injury action (for

which PMSBC seeks indemnification) and AmGUARD ***already*** paid PMSBC's legal fees on top of that amount. [Docket No. 1 ¶ 6.]

The Court further finds it has general personal jurisdiction over PMSBC. Because PMSBC is an LLC chartered by New Jersey, [Docket No. 1 ¶ 3], PMSBC is "at home" in all New Jersey situs courts—including this one. *Senju Pharm. Co. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 441 (D.N.J. 2015). As AmGUARD filed suit in this Court and asks it to enter judgment in its favor, AmGUARD consents to this Court's personal jurisdiction.

### B. AmGUARD properly served PMSBC.

Before exercising its jurisdiction, a plaintiff must properly serve the defendant with process. *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991) (explaining that effective service of process is a prerequisite to exercising personal jurisdiction). Here, AmGUARD's private process server personally served Linda Gregorowicz as PMSBC's registered agent for service of process at the Company's registered office.[3]

[3] The Court takes judicial notice under Federal Rule of Evidence 201 that the New Jersey Treasurer's Business Entity Status Report for PMSBC lists Gregorowicz as the Company's registered agent and 22 Washington Street as its registered office:

**AGENT/SERVICE OF PROCESS (SOP) INFORMATION**

| | |
|---|---|
| Agent: | LINDA M GREGOROWICZ |
| Agent/SOP Address: | 22 WASHINGTON STREET PO BOX 565,MOUNT HOLLY,NJ,08060 |
| Address Status: | DELIVERABLE |
| Main Business Address: | 22 WASHINGTON STREET, PO BOX 565, MOUNT HOLLY, NJ, 08060 |
| Principal Business Address: | N/A |

[Docket No. 6.] Service on PMSBC was proper; thus, so is the Court's exercise of personal jurisdiction.

**C. AmGUARD states a legitimate cause of action, and the Court should exercise its discretion under the DJA.**

"The plaintiff's unchallenged facts [] in the complaint must establish a legitimate cause of action." *IBEW Loc. 351 Pension Fund v. George Sparks, Inc.*, 2015 WL 778795, at *1 (D.N.J. Feb. 24, 2015). Determining whether a DJA claim is a legitimate cause of action at the default stage is a two-step process. First, courts analyze the merits—*i.e.*, whether AmGUARD demonstrates its entitlement to a declaratory judgment; and second, they analyze whether to exercise their substantial discretion under the DJA. *Zurich Am. Ins. Co. v. Gutowski*, 644 F. Supp. 3d 123, 134–35, 138–39 (E.D. Pa. 2022); *Certain Underwriters*, 2022 WL 1137302, at *4–6.

*1. AmGUARD demonstrates it is entitled to a declaratory judgment.*

First, AmGUARD has standing to pursue DJA relief. **AmGUARD pays PMSBC's defense costs in the personal injury suit, and PMSBC filed a claim for coverage in the event Cannavin obtains a judgment against it.** [Docket No. 8-2 at 2–3.] These facts establish an actual—**as opposed to theoretical—controversy between the parties**: **AmGUARD asks the Court whether it has** "any obligation to **[continue to]** defend or indemnify [**PMSBC**] for claims in the [**personal injury action**] pursuant to the underlying Policy." *See Great Lakes Ins.*, 652 F. Supp. 3d at 479. That measurable obligation—which AmGUARD continues to bear—creates an actual controversy to adjudicate. Having found an actual controversy, the Court proceeds to

construe the terms of the insurance policy to determine whether AmGUARD is entitled to the declaratory judgment it requests.

It is. "When interpreting an insurance policy under New Jersey law, courts must 'first examine the plain language of the policy and, if the terms are clear, they are to be given their plain, ordinary meaning.'" *Great Lakes Ins.*, 652 F. Supp. 3d at 479 (quoting *Pizzullo v. New Jersey Mfrs. Ins. Co.*, 952 A.2d 1077, 1089 (N.J. 2008)). Where an insurance policy contains exclusions, they are treated as "presumptively valid and will be given effect if specific, plain, clear, prominent, and not contrary to public policy." *Id.* (quoting *Colliers Lanard & Axilbund v. Lloyds of London*, 458 F.3d 231, 236 (3d Cir. 2006)). Conversely, "ambiguous exclusions are to be 'strictly construed against the insurer.'" *Id.* (quoting *Flomerfelt v. Cardiello*, 997 A.2d 991, 997 (N.J. 2010)).

Here, the Policy ***only*** provides coverage for injuries occurring on covered premises. [Docket No. 8-1 at 6.] The Policy limits liability to injuries "[o]**ccur[ing] on the premises shown in the Schedule or the grounds and structures appurtenant to those premises**." [*See* Docket No. 1-1 at 97 (endorsement titled "LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT, OR OPERATION") (emphasis in original).] "The Schedule" found in the "Limitation of Coverage" endorsement incorporates Section I of the Policy by reference, [*id.*] which in turn refers to the policy declarations, [*id.* at 30]. The declarations only list 22 Washington Street as covered premises—not 6B Alpine Road. [*Id.* at 20.]

Because Cannavin's injuries occurred at 6B Alpine Road, they did not occur at covered premises and fall outside the Policy's coverage. [Docket No. 1 ¶¶ 20, 21.] Consequently, AmGUARD "sufficiently demonstrated that it is entitled to the declaratory judgment it seeks against" PMSBC. AmGUARD is not obligated to either defend or indemnify PMSBC in the personal injury action. *See Great Lakes Ins.*, 652 F. Supp. 3d at 478–79 (citing *Canal Ins. Co. v. Fema Trucking, LLC*, 2022 WL 3227188, at *5–6 (D.N.J. Aug. 10, 2022)).

*2. Exercising jurisdiction to enter a declaratory judgment is appropriate.*

Whether to exercise discretion to grant DJA relief turns on two questions. First, the Court asks if a parallel state proceeding exists. *Reifer*, 751 F.3d at 143–44. This first answer creates a quasi-presumption—if a parallel state proceeding exists, the Third Circuit counsels against DJA relief, but the absence of a parallel proceeding militates strongly in favor of exercising discretion. *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017); *Reifer*, 751 F.3d at 144–45. A parallel proceeding has "substantial similarity in issues and parties." *Kelly*, 868 F.3d at 283–84.

At the second step, courts weigh eight factors to determine if unique facts or issues override the assumption created by step one.[4] They are:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of the obligation which gave rise to the controversy;

[4] If a DJA action involves unsettled questions of state law, the Court must undertake even further analysis. *State Farm*, 2025 WL 2918675, at *6 (citing *Safe Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000)). AmGUARD's action does not implicate any unsettled questions; thus, the Court does not analyze the *Summy* factors.

> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146.

Here, there is no parallel proceeding. AmGUARD is not a party to the personal injury action nor is that action construing the Policy's terms. *Kelly*, 868 F.3d at 287; [Docket No. 1-2 at 1]. At step one, the analysis favors exercising discretion and entertaining AmGUARD's DJA claim.

The *Reifer* analysis does not change the outcome. AmGUARD's claim resolves the uncertainty of the obligations from AmGUARD to PMSBC. PMSBC actively litigates the personal injury action in New Jersey and AmGUARD chose this forum. Thus, despite PMSBC's default in this matter, the District of New Jersey is not an inconvenient forum. The public interest factor is admittedly neutral—the public at large is no better off with or without the Court's declaratory judgment. AmGUARD's

other available remedy[5] is to file this declaratory action in state court. Creating more litigation is not efficient. *See, e.g.*, *State Farm*, 2025 WL 2918675, at *5. Because AmGUARD is not a party to the personal injury action ***and*** that action is not addressing AmGUARD's coverage of PMSBC, there is no risk of interference with similar pending issues in state court or duplicative litigation. And as this action addresses distinct issues from the personal injury action, it neither creates a race to judgment for *res judicata*'s preclusive effects nor raises the specter of forum shopping.

One *Reifer* factor, the eighth and final, is less straightforward, but even if it were to counsel abstention, it would not overcome ***six*** other factors counseling action. An inherent conflict of interest exists between an insurer defending its insured and its attempt to defeat coverage in a separate lawsuit. That conflict of interest is not only present here; it is the whole point. AmGUARD seeks a declaration it no longer needs to cover PMSBC's defense because the Alpine Road property is not covered by the Policy. Some courts find the mere presence of this conflict is neutral—the same conflict exists ***regardless of*** the forum where an insurer seeks relief. *See, e.g.*, *Zurich*, 644 F. Supp. 3d at 138. Others have found a conflict does not exist if the insurer is not a party to the underlying litigation—like AmGUARD here. *State Farm*, 2025 WL

[5] AmGUARD has self-help available to it as well—it could simply stop providing coverage to PMSBC without a court order. But that is not a ***convenient*** or efficient alternative. Indeed, it ***risks*** duplicative litigation. PMSBC could choose to file a new lawsuit once AmGUARD stops paying for its defense. PMSBC had the opportunity to litigate AmGUARD's coverage when it received the Complaint and declined to do so. It is neither convenient nor just to give PMSBC a second bite at the apple in a separate lawsuit.

2918675, at *6. As a result, this factor most likely weighs in favor of exercising discretion. Even assuming *arguendo* factor eight ***weighed against*** hearing AmGUARD's DJA claims, six other *Reifer* factors—and the absence of a parallel state court proceeding—counsel action.

**D. The *Chamberlain* factors support granting a default judgment.**

First, AmGUARD would suffer prejudice without a default judgment because it has incurred, and will continue to incur, costs both pursuing a default judgment in this action ***and*** defending PMSBC in the personal injury action. [Docket No. 8-1 at 8–9.] Additionally, like in *Great Lakes*, PMSBC's failure to respond to the Complaint prevented AmGUARD from "seeking relief 'in the normal fashion,'" meaning only a default judgment could now "clarify [AmGUARD's] defense and indemnity obligations in [the personal injury action]." *Great Lakes Ins.*, 652 F. Supp. 3d at 480 (quoting *Teamsters Pension Fund of Phil. & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)); *see also Lancer Ins. Co. v. MJ & Sons Contractor Truck, LLC*, 2016 WL 74411, at *4 (D.N.J. Jan. 6, 2016) (finding prejudice where defendant failed to respond to complaint, thereby inhibiting plaintiff from prosecuting its case in the ordinary course).

Second, PMSBC does not present a meritorious defense because it failed to appear in this action or respond to AmGUARD's Complaint. Given PMSBC's failures, the Court "cannot [and need not] consider any defenses" before issuing default judgment. *Trs. of Int'l Union of Painters and Allied Trades Dist. Council 711 Health*

*& Welfare Fund v. J.B.J. Mgmt.*, 2021 WL 1660862, at *3 (D.N.J. Apr. 27, 2021); *see also Trs. of Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare Fund v. Eagle Indus. Painting, LLC*, 2022 WL 5169532, at *3 (D.N.J. Oct. 4, 2022) ("Defendant has not presented a meritorious defense because it has not filed an answer or otherwise defended itself[.]"); *Peterson v. Boyarsky Corp.*, 2009 WL 983123, at *4 (D.N.J. Apr. 8, 2009) (finding court need not evaluate defenses if litigant fails to respond to complaint). That said, because the Policy facially does not apply—the Alpine Road address is completely absent from the Policy's terms—it is difficult to conceive of a defense PMSBC could muster.

Last, the Court finds PMSBC is culpable in the default because it did not respond despite ***personal*** service on the Company's registered agent. Litigants are presumed culpable where they fail to answer, move, or otherwise respond to a lawsuit—just like PMSBC here. *Air Prods. & Chems., Inc. v. Helium Plus, Inc.*, 2023 WL 6938213, at *2 (D.N.J. Oct. 20, 2023); *Trs. of Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare Fund v. Cape Sign Serv.*, 2021 WL 5564238, at *3 (D.N.J. Nov. 29, 2021); *Trs. of Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare Fund v. Sky High Mgmt.*, 2020 WL 1698784, at *3 (D.N.J. Apr. 7, 2020) ("The company's failure to respond 'demonstrates [its] culpability in its default,' and '[t]here is nothing before the Court to show that [its] failure to file an answer was a result of anything other than willful negligence.'") (alterations in original) (quoting

*Teamsters Health & Welfare Fund of Phila. and Vicinity v. Dubin Paper*, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012)).

**E. AmGUARD's declaratory relief may be awarded through a default judgment, but the Court will not award attorney's fees.**

AmGUARD seeks (1) a declaratory judgment the Policy neither covers Cannavin's injuries nor PMSBC's legal fees in the personal injury action because the Policy does not cover the Alpine Road property, [Docket No. 1 ¶ 21(a)–(b)], as well as (2) a money judgment for the attorney's fees for pursuing a default judgment, [*id.* ¶ 21(c)]. Declaratory relief may be granted by default, and the Court does so here. *Great Lakes Ins.*, 652 F. Supp. 3d at 481; *Certain Underwriters*, 2022 WL 1137302, at *7; *State Farm*, 2025 WL 2918675, at *8; *Zurich*, 644 F. Supp. 3d at 141.

However, AmGUARD's *pro forma* request for attorney's fees is denied. *Lancer Ins. Co. v. MJ & Sons Contractor Truck, LLC*, 2016 WL 74411, at *4 n.2 (D.N.J. Jan. 6, 2016). The *Lancer* court's footnote addresses a situation on all fours with AmGUARD's here:

> The complaint contains a pro forma request for costs and attorneys' fees, but [insurer] does not suggest any statutory or contractual basis for them, and its proposed Order . . . does not provide for such an award. At any rate, this action was brought by [insurer] in federal court for its own tactical advantage. In such a case, I will not impose costs or fees on the defendant[], who never sought or desired a federal forum, and never put forward any legal position, frivolous or otherwise.

*Id.* Lacking a basis for an award of fees (or at least, AmGUARD having failed to advance any), the Court denies AmGUARD's request for attorney's fees.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** AmGUARD's Motion for Default Judgment, [Docket No. 8], and enters **DEFAULT JUDGMENT** against PMSBC. The Court will issue an accompanying Order of today's date declaring AmGUARD is under no duty to defend or indemnify PMSBC in the personal injury action under the Policy.

**August 27, 2026**
Date

**/s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge